**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN OGDEN, | No. 11-16289 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02180-DGC |
| v. | |
| CDI CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Martin Ogden appeals pro se from the district court's partial summary

judgment, and the jury's verdict, in his action alleging violations of the Fair Labor

Standards Act and Arizona state law.  We have jurisdiction under 28 U.S.C.

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument, and therefore, denies defendant's request for oral argument.
*See* Fed. R. App. P. 34(a)(2).

§ 1291 to review only the district court's April 22, 2011 order denying Ogden's "motion for relief from order." *See* Fed. R. App. P. 4(a)(1)(A) and 4(a)(4). We review for an abuse of discretion, *Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1031 (9th Cir. 2008), and we affirm.

The district court did not abuse its discretion in denying Ogden's motion for relief from its order denying his request for a new trial because Ogden failed to establish valid grounds justifying such relief. *See* Fed. R. Civ. P. 60(b)(6); *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (equitable relief from judgment under Rule 60(b)(6) is given only sparingly to prevent manifest injustice). First, Ogden failed to establish that the jury instructions regarding defendant's burden of proof on its affirmative defense were erroneous. *See Dickenson v. United States*, 353 F.2d 389, 392 (9th Cir. 1965) (employer is required to establish its affirmative defense to a claim under the Fair Labor Standards Act by a preponderance of the evidence). Second, Ogden failed to establish that the jury's deliberations were tainted by extraneous prejudicial information, improper outside influence, or a mistake concerning the verdict form. *See* Fed. R. Evid. 606(b).

We do not consider issues either raised for the first time on appeal, *see Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999), or beyond the scope of this appeal.

Ogden's motion to file a supplemental brief is denied.

11-16289

Defendant's request for attorneys' fees and costs is denied without prejudice to allow submission of an appropriate, noticed motion for attorneys' fees and a bill of costs. *See* Fed. R. App. P. 38 and 39(d).

**AFFIRMED.**